IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARGARET HAY**                                                                                          **PLAINTIFF**

vs.                                                   **4:07-CV-00868-WRW**

**AEGON USA, INC., et al.**                                                                       **DEFENDANTS**

### ORDER

Pending is Defendants' Motion to Dismiss Defendant AEGON USA, Inc. ("AEGON") and to Strike Jury Demand (Doc. No. 14). Plaintiff has responded and Defendants have replied.[1] The Motion is GRANTED in PART and DENIED in PART.

### I.     BACKGROUND

According to the Complaint, "Life Insurance Company of North America . . . is the insurer and claims administrator of both the Short Term and Long Term Disability Plans offered through AEGON USA, Inc."[2] Plaintiff was employed by AEGON and was a participant in the plan provided through AEGON. Plaintiff asserts that "Defendants are a 'Fiduciary' as defined at 29 U.S.C. § 1002."

### II.    DISCUSSION

#### A.     Standing

Defendant AEGON asserts that because Plaintiff's Complaint fails to assert any action taken by AEGON that caused her injury, Plaintiff lacks Article III standing and AEGON should be dismissed. This request is DENIED without prejudice. However, Plaintiff is directed to amend the Complaint and make her claims against AEGON more apparent.

---

[1] Doc. Nos. 27, 29.

[2] Doc. No. 1.

1

      **B.**     **Plan Administrator**

AEGON contends that the "proper party defendant in an action concerning ERISA benefits can be 'the party that controls the administration of the plan,' not the plan participant's employer."[3] However, an employer may, in some instances, "control the administration of the plan" and therefore may be a proper party. Here, the Plan does not explicitly set out a "Plan Administrator." While many of the Plan's obligations are delegated to the "Insurance Company," there is nothing expressly setting out the duties and responsibilities of AEGON. If, for example, AEGON has the authority to override decisions by the "Insurance Company," it may well be an appropriate party in this case.[4]

      **C.**     **Jury Trial**

Defendant asserts that Plaintiff's jury demand should be stricken. The Eighth Circuit has held that there is no right to a jury trial of ERISA claims.[5] Accordingly, Defendants' Motion is GRANTED on this point.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss Defendant AEGON USA, Inc. and to Strike Jury Demand (Doc. No. 14) is GRANTED in PART and DENIED in PART as follows:

---

[3] Doc. No. 15.

[4] Under ERISA, an "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated" but "if an administrator is not so designated, the plan sponsor" is the administrator. 29 U.S.C. § 1002(16)(A). See *Slayhi v. High-Tech Institute, Inc.*, No. 06-CV-2210-PJS/JJG, 2007 WL 4284859 (D. Minn. Dec. 4, 2007).

[5] *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999).

      1.      The motion is GRANTED as to striking Plaintiff's jury demand.  This case will proceed under the ERISA Scheduling Order filed on December 20, 2007.[6]

      2.      The motion is DENIED without prejudice as to dismissing AEGON USA.  However, Plaintiff is directed to amend the Complaint, by 5 p.m., Friday, May 16, 2008, to make the claims against AEGON more apparent.

      IT IS SO ORDERED this 5th day of May, 2008.

      /s/ Wm. R. Wilson, Jr._____
      UNITED STATES DISTRICT JUDGE

---

[6]Doc. Nos. 18, 31.  The Scheduling Order was amended on March 20, 2008.